[Crim. No. 3462. Second Dist., Div. One.—June 26, 1941.]

THE PEOPLE, Respondent, v. G. R. VAN METER et al., Defendants; L. McWHORTER, Appellant.

Robert E. Ford for Appellant.

Earl Warren, Attorney General, Frank Richards, Deputy Attorney General, John F. Dockweiler, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

WHITE, J.—On May 26, 1938, an information was filed by the District Attorney of Los Angeles County in which appellant and his codefendants were accused in seven counts of violation of the Corporate Securities Act (Stats. 1917, p. 673, and amendments thereto; Deering's Gen. Laws, Act 3814), by reason of the issuance and sale of certain securities without first having obtained a permit so to do from the Commissioner of Corporations of the State of California. Following pleas of guilty in that case to counts 3 and 6 of the information, appellant was sentenced to a term of one year in the Los Angeles County jail on both counts to which he entered a guilty plea, and it was directed that the sentences run concurrently. Execution of such sentences was thereupon suspended and appellant placed on probation upon condition that he serve the first six months of the sentences in the county jail as a term of probation.

On September 11, 1940, another information was filed against appellant herein, resulting in his conviction upon two counts thereof charging violation of the Corporate Securities Act. As a result of such convictions, appellant was on March 12, 1940, sentenced to imprisonment in the State Prison at San Quentin for the term prescribed by law. From such judgment of conviction appellant duly perfected an appeal.

When the court pronounced the sentence just mentioned he also made the following order, revoking the probation granted in the former case: " * * * because of the conviction suffered in case No. 82090 the court now revokes probation in this case No. 72361, and orders the defendant committed on the sentence imposed in case No. 72361 * * * ."

The sole ground upon which this appeal was taken is that in the event the judgment in the second prosecution should be reversed, then the order revoking the probation granted in the former case, and which order was made contemporaneously with the pronouncement of judgment in the latter case, should also be reversed. Appellant concedes that should the judgment of conviction in the second prosecution be upheld, then the order revoking probation in the first case should be sustained.

Since we have this day filed a decision affirming the judgment in the second case (*People* v. *Stowell*, Crim. No. 3463 [*ante*, p. 580 [114 Pac. (2d) 614]), the judgment and the order revoking probation from which this appeal was taken are, and each is, affirmed.

York, P. J., and Doran, J., concurred.